**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MEEGAN BARR, | ) | |
| | ) | C.A. NO. N21C-10-046 AML |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | TRIAL BY JURY OF |
| COMPANY, | ) | TWELVE DEMANDED |
| | ) | |
| Defendant. | ) | |

Submitted: January 26, 2023
Decided: April 5, 2023

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This dispute arises out of a motor vehicle accident. The plaintiff was a passenger in a car allegedly struck by an unidentified second vehicle. At the time of the accident, the plaintiff was covered by an automobile insurance policy issued by the defendant. That policy included coverage for injuries caused by an uninsured or underinsured motorist, but only up to the statutory minimum coverage amounts. The plaintiff alleges the defendant failed to offer her the option to purchase additional uninsured motorist coverage when she increased her liability coverage limits several months before the accident. The plaintiff therefore seeks a declaratory judgment that her option to increase her uninsured/underinsured coverage remains open and can be accepted retroactively. As explained below, the undisputed facts show that the

1

defendant did not make a meaningful offer of coverage to the plaintiff because the defendant's agent's testimony establishes the defendant did not advise the plaintiff of the costs of that additional coverage. The plaintiff's motion for summary judgment therefore is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise noted, the following facts are not disputed. On October 12, 2020, a motor vehicle operated by an unidentified driver struck a vehicle in which Plaintiff Meegan Barr ("Barr") was a passenger.[1] At the time of the accident, Barr was insured under a policy issued by Defendant State Farm Insurance ("State Farm").[2] Barr first purchased the policy on December 28, 2018 and updated her liability coverage on February 13, 2020.[3]

When she initially purchased the policy in 2018, Barr selected liability coverage at Delaware's statutory minimum, which is $25,000 per person and $50,000 per accident.[4] Barr also selected uninsured/underinsured ("UM/UIM") coverage at that time. As a matter of law, Barr's UM/UIM coverage could not exceed her bodily injury coverage, and therefore her UM/UIM coverage also was $25,000

---

[1] Compl. ¶ 3.
[2] *Id.* ¶ 6.
[3] *See* Ex. B, Delaware Motorists' Protection Act: Required Statement to Policyholders" (hereinafter, a "DMPRSP) dated 12/28/19; Ex. C, DMSRP dated 2/13/2020.
[4] Pl.'s Mot. for Summ. J., Ex. B.

2

per person and $50,000 per accident.[5] On February 13, 2020, Plaintiff increased her liability limits to $100,000 per person and $300,000 per accident ("100,000/300,000").[6] Barr did not, however, increase her UM/UIM coverage at that time. Barr's updated policy became effective on February 13, 2020. After the accident, Barr averred she was never informed of the cost of increasing her UM/UIM coverage limits to the limits of her liability insurance coverage.[7]

On October 7, 2021, Barr filed a complaint against State Farm seeking a declaratory judgment that the insurance policy has uninsured and underinsured coverage in an amount equal to the liability coverage. On June 23, 2022, Barr moved for summary judgment. The Court denied Barr's motion for summary judgment without prejudice because discovery was not complete and State Farm's customer service representative, Angela Alston Johnson ("Johnson"), had not been deposed. Johnson's deposition was taken on October 28, 2022. Barr then filed a second summary judgment motion. The Court heard oral argument and took the motion under advisement.

**PARTIES' CONTENTIONS**

---

[5] 18 *Del. C*. § 3902(b).
[6] Pl.'s Mot. for Summ. J., Ex. C.
[7] Barr Aff. ¶ 2.

Barr argues she is entitled to summary judgment because the undisputed facts show State Farm did not make a meaningful offer of increased UM/UIM coverage at the time Barr increased her liability coverage. Barr contends Johnson's deposition testimony establishes that State Farm failed to provide Barr with an explanation of the costs of purchasing increased UM/UIM coverage.[8] In response, State Farm argues it made a meaningful oral offer to Barr by asking her twice whether she wanted to increase her UM/UIM coverage when she increased her liability limits to $100,000/300,000.[9] State Farm asserts Johnson's routine practice, supported by documents in the record, was to affirmatively recommend that clients purchase the additional coverage, thereby creating – at a minimum – a factual dispute for the jury to resolve.[10]

**ANALYSIS**

Superior Court Civil Rule 56(e) provides, in pertinent part, that summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11]

---

[8] Pl.'s Mot. for 2nd Summ. J. at 4.
[9] Def.'s Resp. Pl.'s 2nd Mot. Summ. J. at 6-7.
[10] *Id.* at 11-13.
[11] Super. Ct. Civ. R. 56(c).

When considering a motion for summary judgment, the evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party.[12] A party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists.[13] If the movant makes such a showing, the burden then shifts to the non-moving party to submit sufficient evidence to show that a genuine factual issue, material to the outcome of the case, precludes judgment before trial.[14]

The issue in this case is relatively straightforward: do the undisputed facts in the record show that State Farm failed to make a meaningful offer of increased UM/UIM coverage to Barr when she increased her liability coverage in February 2020. This "meaningful offer" requirement arises from Title 18, Section 3902(b) of the Delaware Code, which provides that:

> "Every insurer shall offer to the insured the option to purchase additional coverage for personal injury or death up to a limit of $100,000 per person and $300,000 per accident or $300,000 single limit, but not to exceed the limits for bodily injury liability set forth in the basic policy. Such additional insurance shall include underinsured bodily injury liability coverage."[15]

---

[12] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995); *Judah v. Del. Trust Co.*, 378 A.2d 624, 632 (Del. 1977).
[13] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[14] *Id.*; *see also Brzoska*, 668 A.3d at 1363.
[15] Del. Code Ann. tit. 18, § 3902(b)(1).

5

In *Mason v. United Services Auto Association*,[16] the Delaware Supreme Court held that Section 3902(b) imposes an affirmative duty on insurance carriers to offer the insured the additional insurance established by the statute.[17] The insurer's obligation is to provide an insured "all of the facts reasonably necessary for a person to be adequately informed to make a rational, knowledgeable, and meaningful determination" regarding the limits of coverage.[18] An insurer must make a meaningful offer to the insured when coverages are increased, and the insurer bears the burden of proving compliance with the statutory mandate.[19]

An insurer makes a meaningful offer of additional uninsured motorist coverage when the offer includes: "1) [a]n explanation of the cost of coverage, and 2) [a] communication that clearly offers the specific coverage in the same manner and with the same emphasis as was on the insured's other coverage."[20] If an insurer fails to meet its duty under 18 *Del. C.* §3902(b), the offer of additional insurance remains open for the insured to accept at any time, including after the accident.[21]

As State Farm correctly points out, an offer of additional coverage need not be in writing. In Delaware, oral offers or conversations regarding the availability and

---

[16] *Mason v. United Servs. Auto Ass'n*, 697 A.2d 388 (Del. 1997).
[17] *Mason*, 697 A.2d at 393.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Arms v. State Farm Mut. Auto. Ins. Co.,* Del. Super., 465 A.2d 360, 361 (1983), aff'd, 477 A.2d 1060 (Del. 1984).

cost of UM/UIM coverage fulfill an insurer's obligations.[22] Here, the record shows that the Delaware Motorists' Protection Act form Barr signed gave her the option to purchase UM/UIM coverage up to her bodily injury limits.[23] That form satisfies *Mason's* second step. The form does not, however, provide any information on the cost of that additional coverage.

Johnson's deposition also does not establish that State Farm advised Barr of the cost of coverage. To the contrary, her deposition confirms that no such discussion occurred. Johnson does not recall her conversation with Barr regarding the policy change in this case. Johnson, however, confirmed that she follows a step-by-step process any time a client changes their existing insurance policy.[24] State Farm urged the Court to accept Johnson's "routine practice" as evidence of what likely happened in this case.[25] Johnson's process includes her providing an explanation of liability, bodily injury, and UM/UIM coverages to the customer.[26] In the event the customer decides to increase their liability limits, Johnson recommends that the customer increase their UM/UIM limits, and if the customer is not interested in increasing their UM coverage, Johnson makes the offer a second time.[27] The multi-step process,

---

[22] *See Morris v. Allstate Ins. Co.,* 1984 WL 3641, at *2 (Del. Supr. Ct. July 10, 1984).
[23] Def.'s Resp. Pl.'s 2nd Mot. Summ. J. Ex. B-C.
[24] Johnson Dep., Pl.'s Mot. for Summ. J, Ex. D at 10-13.
[25] Def.'s Resp. Pl.'s 2nd Mot. Summ. J. at 7-8.
[26] Johnson Dep., Pl.'s Mot. for Summ. J, Ex. D at 11.
[27] *Id.* at 11-13.

7

however, does not include a discussion on the cost of additional UM/UIM coverage. Johnson confirmed during her deposition that she only discusses the cost of increased UM/UIM coverage if the insured first accepts the additional coverage.[28]

In *Mason*, the Delaware Supreme Court found that the insurance company failed to meet its burden in showing that it made a meaningful offer of additional UM/UIM coverage to the insured.[29] The insurance company conceded it had no evidence that it made an offer of additional coverage during the phone conversations with the insured.[30]

Similarly, in this case, State Farm has not provided any evidence that Johnson made a meaningful offer of additional coverage to Barr. Specifically, there is no evidence that Johnson disclosed the cost of the additional UM/UIM coverage, and her usual practice was not to do so unless the customer first requested the increased coverage. Barr's Motorists' Protection Act form indicates she elected not to increase her UM/UIM coverage when she increased her liability coverage.[31] Barr averred she was never informed of the cost of purchasing UM/UIM coverage in an amount equal to her liability insurance coverage.[32] Accordingly, the undisputed facts are that Barr

---

[28] *Id.* at 13.
[29] *Mason,* 697 A.2d at 393-94.
[30] *Id.*
[31] Def.'s Resp. Pl.'s 2nd Mot. Summ. J. Ex. C.
[32] Barr Aff. ¶ 2.

refused the offer of increased coverage, and Johnson's practice was not to disclose the costs of additional coverage when such a refusal is made.

By failing to provide Barr "with an explanation of the cost of coverage," State Farm has not met its burden of proving that an "informed" offer of additional coverage was made to Barr.[33] The offer of additional UM coverage, therefore, remains open and Barr can now accept it.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

---

[33] *Mason*, 697 A.2d at 393-94.

9